**GUANG QING HUANG, Wei Guo Li, a.k.a., Tang Kong Li, Petitioners,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**Nos. 07–5782–ag (L), 07–5784–ag (CON).**

United States Court of Appeals, Second Circuit.

May 6, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Hold-

er Jr. is automatically substituted for former

608

Attorney General Michael B. Mukasey as re-

Gary J. Yerman, New York, NY, for Petitioners.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Alison Marie Igoe, Senior Litigation Counsel, Office of Immigration Litigation; Edward J. Duffy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, and Hon. PIERRE N. LEVAL, Circuit Judges.

### *SUMMARY ORDER*

Petitioners Guang Qing Huang and Wei Guo Li, natives and citizens of the People's Republic of China, seek review of two December 3, 2007 orders of the BIA denying their motion to reopen. *In re Guang Qing Huang,* No. A73 653 652 (B.I.A. Dec. 3, 2007); *In re Wei Guo Li,* No. A72 375 827 (B.I.A. Dec. 3, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Petitioners' untimely motion to reopen or in finding them ineligible to file a successive asylum application.

 Petitioners argue that the BIA erred in concluding that they failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing their motion to reopen

spondent in this case.

or their *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] … it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Contrary to Petitioners' argument that the BIA erred in not crediting the village notice they submitted, we decline to find that the BIA abused its discretion where it reasonably noted that the document was a copy and was unauthenticated. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to documentary evidence lies largely within the discretion of the agency).

Further, the BIA's determination that Petitioners were ineligible to file a successive asylum application was not in error. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is

DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).